UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Petitioner*,

v.

DANIEL E. PRINCINSKY,

    *Respondent*.
                                  /

CASE NO. 11-50701

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PETITIONER'S AMENDED MOTION TO ENFORCE IRS SUMMONS**
(Doc. 4)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the amended motion be **GRANTED**.

**II.    REPORT**

    **A.     Introduction**

By order of United States District Judge Thomas L. Ludington, this Petition to Enforce Internal Revenue Service ("IRS") Summons was referred to the undersigned magistrate judge on June 20, 2011. (Doc. 2.) On July 29, 2011, the undersigned ordered Respondent to show cause why the IRS summons should not be enforced and a hearing was scheduled in the event that no written response was filed. (Doc. 5.) Respondent was served with the order and a hearing was held on November 16, 2011. Respondent appeared and requested time to file supplemental authority. Respondent filed a supplemental "Notice" on November 28, 2011, and a response on December

2, 2011. (Docs. 13, 14.) Petitioner filed a reply on December 7, 2011. (Doc. 14.) Therefore, the matter is ready for Report and Recommendation.

### B. Enforcement of Summons Standards

"In order to ensure the proper determination of tax liability, Congress 'has endowed the IRS with expansive information-gathering authority.'" *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732 (6th Cir. 2006). "Under [26 U.S.C.] § 7602, the Commissioner of the IRS is authorized, '[f]or the purpose of ascertaining the correctness of any return . . . [t]o examine any books, papers, records, or other data which may be relevant or material to such inquiry' and to summon any person to produce such documents." *Id.* at 733 (citations omitted). However, "[t]he courts, and not the IRS, are authorized to enforce this summons power." *Id.* "[F]or the government to establish a prima facie case for enforcement, it must demonstrate that (1) the investigation has a legitimate purpose, (2) the information summoned is relevant to that purpose, (3) the documents sought are not already in the IRS's possession, and (4) the procedural steps required by the tax code have been followed." *Id.* (citing *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1964)). "This requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982) (affirming enforcement of summons over taxpayer's objection that summons was issued in bad faith).

"Once the government has made this prima facie showing, the burden shifts to the party being summoned to either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *Monumental Life*, 440 F.3d at 733 (quoting *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981)).

C.  **Analysis & Conclusion**

In the instant case, the amended petition is supported by a declaration dated July 13, 2011, which was signed and made under penalty of perjury by Revenue Officer Rebecca Mayer of the Small Business/Self-employed Compliance Office of the IRS. (Doc. 4 at Ex. A.)[1] The summons originally sent to Respondent sought records related to IRS Form 1065 for Applied Energy, LLC, for the tax years of 2002 through 2009, and the personal tax liability records related to IRS Form 1040 for Daniel E. Princinsky for the tax years of 2006 through 2009. (Doc. 4, Ex. B.) Although the summons required Respondent to appear on March 4, 2011, Respondent called and left a message that he would not appear and Respondent failed to so appear. (Doc. 4, Ex. A ¶¶ 5-6.) The IRS agent also noted that Respondent has "continually asserted his belief that he is a 'non-taxpayer' and is not required to file and pay taxes" and that he "has stated in numerous correspondences that he will not appear for any summons appointments or provide any information." (Doc. 4, Ex. A ¶ 7.) The information sought is not in possession of the IRS. (Doc. 4, Ex. A ¶ 10.)

I suggest that the agent's declaration alone would satisfy the government's prima facie showing and that the agent's testimony at the hearing further supports that showing. Thus, the burden rests on Respondent to either disprove the elements of the prima facie case or show that enforcement would be an abuse of the court's process. *Monumental Life, supra.*

Respondent suggests that this court lacks jurisdiction under Articles III or IV of the United States Constitution. Respondent also asserts that this court does not have "commerce clause" jurisdiction over him since he is a "Constitutional Citizen of the United States of America who has

---

[1] I note that a declaration that is signed, dated, and declared under penalty of perjury is the equivalent of an affidavit. *In Re Dana Corp.*, 574 F.3d 129, 150 (2nd Cir. 2009); *Lyons Trading, LLC v. United States*, No. 3:07-mc-13, 2008 WL 361533, at *5 n.1 (E.D. Tenn. Feb. 8, 2008); 28 U.S.C. § 1746.

**never** knowingly, willingly, intentionally or voluntarily contracted to become a statutory citizen." (Doc. 14 at 1 (emphasis in original).) Respondent cites *United States v. Lopez*, 514 U.S. 549, 131 L. Ed. 2d 626, 115 S. Ct. 1624 (1995), in support of his contention. While Respondent's beliefs are without doubt strongly held, the United States Court of Appeals for the Sixth Circuit has summarily rejected similar claims as frivolous or patently meritless. In *United States v. Mundt*, 29 F.3d 233 (6th Cir. 1994), the court stated that the Respondent's jurisdictional challenge

> blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States" [and] . . . conveniently ignored article I, section 8 of the United States Constitution . . . and the sixteenth amendment [which] also empowers Congress to create and provide for the administration of an income tax[.] . . . [I]t defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant.

*Id.* at 237 (quoting *United States v. Collins,* 920 F.2d 619, 629 (10th Cir. 1990) (quotations omitted)). *See also United States v. Bradley,* 26 Fed. App'x 392, 393 (6th Cir. 2001); *United States v. O'Brien*, 229 F.3d 1154 (6th Cir. Aug. 11, 2000) (unpublished).

This binding case law mandates the conclusion that neither Respondent's testimony nor his submitted materials disprove the government's prima facie case. I further suggest that the summons is not unduly burdensome and, because it seeks records that are not already in the possession of the IRS, it appears that there is a legitimate purpose to the investigative summons as required by *Davis*, 636 F.2d at 1037.

Moreover, I note that Respondent has not contested his member/ownership interest in Applied Energy, LLC, his possession of the requested records pertaining to the LLC, or his individual federal tax liability for the LLC. *See Stearn & Company, LLC v. United States of America*, 499 F. Supp. 2d. 899, 903 (E.D. Mich. 2007) (holding that LLC status did not prevent IRS from levying against LLC owner/member for unpaid taxes). Finally, there is nothing on the face of the summons that would indicate any abusive purpose.

4

**D.     Relief**

Based on the foregoing, I suggest that the government has established a prima facie case for enforcement of the petition and therefore is entitled to the relief sought in its motion. Accordingly, I recommend that an order issue from the district court requiring Respondent's compliance with the petition.

In its reply to Respondent's supplemental brief, the government requested that Respondent be ordered to comply with the summons by a date no later than December 30, 2011, or in the alternative, be found in contempt of court. (Doc. 15.) The Court declines, however, to recommend that Respondent be held in contempt because to do so at this stage of the litigation would be an abuse of discretion. "Contempt power should not be used when a court order was issued solely to afford a taxpayer an opportunity to show why the IRS summons should not be enforced." *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982). "If the taxpayer fails to appear and present any defenses to the summons, the IRS petition followed by a show cause order should be treated like a complaint, and if the IRS establishes a prima facie case, the only consequence of the taxpayer's failure to appear should be enforcement of the summons." *Id*.

Accordingly, I recommend that an order enforcing the IRS summons be issued and that Respondent be warned that a failure to abide by the summons could subject Respondent to potential penalties, including contempt of court. *See Riewe*, 676 F.2d at 421 ("If the district court orders the summons enforced and the taxpayer still refuses to comply, contempt proceedings with the possibility of imprisonment conditioned upon disclosures are warranted.") *See also* 18 U.S.C. § 401(3).

5

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                               s/ *Charles E Binder*
                                               CHARLES E. BINDER
Dated: December 21, 2011              United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Daniel Princinsky, 3412 Osler Avenue, Saginaw, MI 48602-3217.

Date: December 21, 2011                        By     s/Patricia T. Morris
                                                             Law Clerk to Magistrate Judge Binder