UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

                                                    Case Number 11-50701-BC

v.                                                 Honorable Thomas L. Ludington

DANIEL PRINCINSKY,

        Respondent.
_____ /

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING RESPONDENT'S OBJECTIONS, AND GRANTING THE GOVERNMENT'S AMENDED PETITION TO ENFORCE IRS SUMMONS

This Court referred the Government's Petition to Enforce Internal Revenue Service ("IRS") Summons was referred to Magistrate Judge Charles E. Binder on June 20, 2011. ECF No. 2. The Government filed an amended motion on July 29, 2011, and, the same day, Judge Binder ordered Respondent to show cause why the IRS summons should not be enforced and a hearing was scheduled in the event that no written response was filed. ECF No. 5. Respondent was served with the order and a hearing was held on November 16, 2011. Respondent appeared and requested time to file supplemental authority. Respondent filed a supplemental "Notice" on November 28, 2011, and a response on December 2, 2011. ECF No. 13, 14. Petitioner filed a reply on December 7, 2011. ECF No. 14.

Judge Binder issued a report and recommendation (ECF. No. 17) on December 21, 2011, recommending that the Court grant the government's amended motion to enforce the Internal Revenue Service summons. Respondent filed a response to the report and recommendation on December 27, 2011, which will be construed as his objections to the report and recommendation. ECF No. 18. The district court will make a "de novo determination of those portions of the report

. . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Because there was no error in Judge Binder's analysis, his report and recommendation will be adopted, Respondent's objections will be overruled, and the Government's amended petition to enforce IRS summons will be granted.

Respondent's first objection is that this Court lacks jurisdiction as a result of the decision in *Balzac v. Porto Rico*, 258 U.S. 298 (1922). The Court in *Balzac*, however, concluded that the United States District Court for Puerto Rico is not a true United States court established under Article III to the Constitution, but was created by virtue of the sovereign congressional faculty, granted under Article IV, section 3. *Balzac* is thus not applicable and Respondent's objection will be overruled.

Respondent also objects to Judge Binder's reliance on cases from the United States Courts of Appeals and the United States District Court for the Eastern District of Michigan, and contends that these cases are not binding precedent and thus were inappropriately applied. Respondent argues that only cases from the United States Supreme Court are binding precedent. Any applicable holdings from the Sixth Circuit and the Supreme Court, however, are binding precedent on this Court. Black's Law Dictionary (9th ed. 2009) (noting that a lower court is bound by an applicable holding of a higher court in the same jurisdiction). Additionally, any reliance on applicable holdings from appellate courts outside this jurisdiction or on holdings from this Court are considered persuasive precedent that the Court may either follow or reject, but are nevertheless entitled to respect and careful consideration. *Id.* This objection will be overruled.

The remainder of Respondent's arguments restate the same arguments provided in response to the Government's petition. Such objections are insufficient to allege error pursuant to 28 U.S.C.

§ 636 and Federal Rule of Civil Procedure 72 . *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (stating that "[a] general objection, or one that merely restates the arguments previously presented, is not sufficient . " ).  These objections will thus be overruled.

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation (ECF. No. 17) is **ADOPTED**.

It is further **ORDERED** that Respondent's objections (ECF No. 18) are **OVERRULED**.

It is further **ORDERED** the government's amended petition to enforce IRS summons (ECF No. 12) is **GRANTED**.

It is further **ORDERED** that Respondent furnish all documents described in the IRS summonses issued by Internal Revenue Service Revenue Officer Rebecca Mayer on February 4, 2011 (attached as Exhibit "B" to the amended petition) on or before **June 4, 2012 at 12:00 noon**. The documents shall be delivered to the Office of the United States Attorney, 101 First Street, Suite 200, Bay City, Michigan.  Respondent may comply with this order in person or by mail, provided that the documents are delivered to or arrive at the United States Attorney's office by the appointed date and time. Failure to comply with this order could subject Respondent to potential penalties, including contempt of court.

It is further **ORDERED** that Respondent shall appear and give testimony at a date and time to be mutually agreed upon between the petitioner and revenue officer Don Wood, or according to a subsequent order of the Court. Failure to comply with this order could subject Respondent to potential penalties, including contempt of court.

It is further **ORDERED** that counsel for Petitioner is **DIRECTED** to serve Respondent with this order and file a proof of service.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 8, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS
